**Grace J. BARDEN, Plaintiff,**

v.

**Elliott L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.**

Civ. No. 2–71–3.

United States District Court, D. Idaho.

Jan. 25, 1972.

Carl M. Buell, St. Maries, Idaho, for plaintiff.

Sherman F. Furey, Jr., U. S. Atty., Boise, Idaho, for defendant.

## MEMORANDUM DECISION

McNICHOLS, Chief Judge.

Plaintiff brings this action for judicial review of a final decision of the Secretary of Health, Education and Welfare. Jurisdiction of this Court is found in 42 U.S.C. § 405(g).

On September 23, 1971, defendant filed its motion for summary judgment. By stipulation dated November 1, 1971, the parties agreed that:

"   .   .   .   the case shall stand submitted to the Court for decision on the pleadings, administrative record and briefs of counsel, without further oral argument or other hearing."

After careful review, this Court has concluded that this case must be remanded to the secretary for further action in compliance with the following opinion.

Only a brief review of the factual history of this claim is necessary at this point.

On July 23, 1968, Theodore Barden applied for disability insurance benefits, alleging that since June 19, 1967, he had been unable to engage in substantial gainful activity. This claim was disallowed and defendant gave notification by letter on January 23, 1969. Prior to this notification, on December 12, 1968, Theodore Barden had died. Defendant

found that death was unrelated to wage earner's alleged disability.

Grace Barden, claimant's widow, requested reconsideration of the initial determination on May 13, 1969. By letter dated September 23, 1969, Mrs. Barden was notified that the previous determination had been found proper.

A hearing was requested by Mrs. Barden and held on September 15, 1970, at Spokane, Washington. The Hearing Examiner decided "that the wage earner, based upon the application filed July 23, 1968, was not entitled to a period of disability or to receive disability insurance benefits under the provisions of Sections 216(i) and 223, respectively, of the Social Security Act, as amended."

Mrs. Barden's request for review was denied, leaving the Hearing Examiner's decision to stand as the final decision of the Secretary.

This Court's scope of review is limited by 42 U.S.C. § 405(g), as follows:

" . . . The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . .."

As will be discussed, however, it is not necessary to reach the question at present of whether the Secretary's findings of fact are supported by substantial evidence. Of controlling importance at this time is the Hearing Examiner's use of an improper legal standard to determine whether Theodore Barden was disabled.

" . . . the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." Flake v. Gardner, 399 F.2d 532, 540 (9th Cir. 1968).

It is clear from reading the Hearing Examiner's decision that he found no objective evidence of any injury or impairment and that this was of controlling importance. The following portion of the decision illustrates that the Hearing Examiner was mistaken as to the law to be applied:

"Although one may naturally sympathize [sic] with the wage earner as to the results of his accidental injury, and to the economic deprivation of his family following said injury, still the Hearing Examiner is bound by the provisions of the Social Security Act, as amended, and the regulatory provisions that have been promulgated thereunder.

"As set forth herein above under the heading, 'The Law', the statutory (and regulatory) definition of 'impairment' requires that the abnormality in question, whether anatomical, physiological, or psychological in nature, must be demonstrable by medically acceptable clinical and laboratory diagnostic techniques. If this provision is to be given any effect whatsoever, it must be construed to mean that there must be objective findings which establish the presence of the abnormality causing the alleged impairment. Although the wage earner must be found to have had a thorough series of workups and examinations in this case, this element is completely lacking. There is no objective evidence of any impairment so severe as to have prevented wage earner from returning to his usual employment within 12 months following his injury." (Record, p. 10)

The law contradicts the opinion of the Hearing Examiner. Objective evidence is not indispensable in establishing a physical or mental impairment.

The pertinent statutory definition is found in 42 U.S.C. § 423(d) (3):

"For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."

In Waters v. Gardner, 452 F.2d 855, 9th Cir., December 17, 1971, the Court commented as follows:

"We agree with appellant that so long as the causes of the impairment

are 'demonstrable' by techniques described in the statute they need not be established by 'objective' proofs . . .."

Explanatory dicta concerning the present question can be found in Flake v. Gardner, supra, where the issue is discussed as follows:

"The statute refers to 'medically acceptable clinical * * * diagnostic techniques.' Stedman's Medical Dictionary, 20th ed., defines 'clinical' as:

" '2. Denoting the symptoms and course of a disease as distinguished from the laboratory findings of anatomical changes.'

"We venture to suggest that there may be people who are really disabled, and can be found so by medically acceptable clinical diagnostic techniques, even though laboratory techniques do not support the diagnosis. . . . Not all subjective complaints of a patient are accepted by a doctor. But one skilled in the art may well be able, by medically acceptable clinical techniques, to sort them out, to decide which to believe, and to make a diagnosis accordingly. In this case, several doctors, in spite of a lack of 'objective' symptoms, believed Flake's complaints and came to a diagnosis on that basis. See particularly the report of Dr. Downing, quoted supra. It is arguable that the Hearing Examiner felt bound to reject those diagnoses. We are not at all sure that the amended statute or the regulations require this. . . ." 399 F.2d at 540, 541. See also, Moore v. Finch, 418 F.2d 1224 (4th Cir. 1969).

The subjective symptoms related to a doctor by his patient are indispensable tools to the physician in his diagnosis. The above seems to be particularly true in this case. For example, Dr. McLarren, after examining Theodore Barden noted that his condition "is notorious for its lack of objective findings. However, the pattern of symptoms is quite characteristic and are [sic] easy to recognize. I believe that the patient is

quite sincere, and that his complaints are genuine." (Record, p. 97).

The medical evidence will not be discussed in detail by this Court at this time. It is interesting to note that none of the physicians who examined Theodore Barden expressed an opinion that he was not in pain.

Whether additional evidence is necessary in order to apply the proper legal standards is a matter to be decided by the Secretary.

The decision of the Secretary is vacated and this matter is remanded to the Secretary for further action in compliance with this decision.