Mary Frances JAYNES, Appellant,

v.

Manly W. JAYNES, Jr., et al.,
Appellees.

No. 801, Docket 73-2809.

United States Court of Appeals,
Second Circuit.

Argued April 3, 1974.

Decided April 22, 1974.

Mary Frances Jaynes, pro se.

Before HAYS and OAKES, Circuit Judges, and CHRISTIANSEN,* District Judge.

PER CURIAM:

■ This pro se complaint against individuals for acts allegedly done in Texas, Louisiana and Mississippi may be treated as one for violation of appellant's civil rights or as one based upon diversity of citizenship. These individuals, appellees here, were neither served with process nor did they appear in this action. The district court treated the case as primarily a civil rights case and dismissed it on the ground of improper venue, 28 U.S.C. §§ 1391(b) & 1406(a). It did so correctly, since none of the acts alleged to have deprived appellant of her civil rights took place in the Northern District of New York, and none of the

* Of the United States District Court for the District of Utah, sitting by designation.

alleged perpetrators reside in the Northern District of New York.

Beyond this, even if jurisdiction were treated as being based solely on diversity of citizenship under 28 U.S.C. § 1391(a)—in which event venue in the Northern District would be proper—the appellant has never obtained service of process over any of the appellees within the territorial limits of New York State. Fed.R.Civ.P. 4. As has been held, "the presence of venue does not dispense with the necessity for service in order to acquire personal jurisdiction." Rabiolo v. Weinstein, 357 F.2d 167, 168 (7th Cir. 1966), cert. denied, 391 U.S. 923, 88 S. Ct. 1816, 20 L.Ed.2d 659 (1968).

Appellant apparently did ask the district court to subpoena the defendants below, over 30 in number, to appear. True, the district court has such power as to *witnesses* if the *witnesses* in a civil case reside within the district or without the district but within 100 miles of the place of hearing or trial. Fed.R. Civ.P. 45(e)(1). Similarly, in a criminal case brought by the United States witnesses may be subpoenaed without regard to where they live in this country. Fed.R.Crim.P. 45(e)(1). But this is a civil case in which appellant seeks to have the district court subpoena parties who reside in Texas or other parts of the country more than 100 miles from any place within the Northern District of New York for the purpose of obtaining jurisdiction over them. The district court has no power to subpoena these parties and as such had no jurisdiction; accordingly, we have no choice but to affirm its judgment of dismissal. *See, e. g.,* Shahmoon Industries, Inc. v. Imperato, 338 F.2d 449 (3d Cir. 1964).

Because there is no jurisdiction in this or the district court appellant's various requests for relief such as instituting or causing to be instituted proceedings in Texas regarding the custody of her son or the conveyance of her real or personal property said to be in Texas are beyond our power to grant.

Judgment affirmed.