Hein **DANSER, individually and for the Estate of his deceased son, Hendrix Laurens Danser; Martha Danser; Gerrit Bouhof; and I. J. Bouhof-Bloemendaal, Plaintiffs,**

v.

**FIRESTONE TIRE & RUBBER COMPANY, Defendant.**

**No. 79 Civ. 5336 (KTD).**

United States District Court, S. D. New York.

Feb. 21, 1980.

Paul D. Rheingold, P. C., Kass, Goodkind, Wechsler & Labaton, New York City, and De Brauw & Helbach, Netherlands, for plaintiffs; Paul D. Rheingold, Willard G. LaFauci, New York City, of counsel.

Gilbert, Segall & Young, New York City, for defendant; Elihu Inselbuch, Bernard J. Rosenthal, New York City, of counsel.

### OPINION & ORDER

KEVIN THOMAS DUFFY, District Judge:

This diversity action was commenced in October, 1979, by Martha Danser, Gerrit Bouhof, I. J. Bouhof-Bloemendaal and Hein Danser, individually and on behalf of his deceased son, Hendrik Laurens Danser, against Firestone Tire & Rubber Company [hereinafter referred to as "Firestone"].

The complaint charges that as a result of defendant's allegedly defective automobile tire, the vehicle in which plaintiffs and decedent were traveling was involved in an accident. Plaintiffs seek to recover for their injuries sustained as a result of the accident. In addition, Hein Danser seeks to recover for the wrongful death of his son, Hendrik, who apparently died as a result of the accident.

The facts, simply stated, are as follows. In July, 1978, the plaintiffs and decedent, all citizens of the Netherlands, were traveling in an automobile near Cologne, West Germany. The complaint charges that while the vehicle was in motion the defendant's radial tire ruptured due to a defect. And, as a result of the blowout, the vehicle was involved in an accident which resulted in the death of Hendrik Danser and caused the plaintiffs to sustain severe personal injuries.

Defendant now moves, pursuant to Fed. R.Civ.P. 12(b)(3), to dismiss the action on the ground of *forum non conveniens* and have it transferred to an appropriate forum in West Germany or The Netherlands.

There have been numerous judicial statements in this Circuit with respect to the factual and policy considerations against which a motion to dismiss for *forum non conveniens* is to be tested.[1] *See, e. g., Fitzgerald v. Texaco, Inc.*, 521 F.2d 448 (2d Cir. 1975), *cert. denied*, 423 U.S. 1052, 96 S.Ct. 781, 46 L.Ed.2d 641 (1976). They have, however, emanated from the Supreme Court's seminal pronouncement of the doctrine of *forum non conveniens* in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

In *Gulf* the Court observed that much must be left to the discretion of the trial judge in determining whether despite a

---

1. There is considerable debate whether in a diversity action, state or federal law is controlling on the question of *forum non conveniens.* However, given the similarity between New York law and Federal law with respect to the doctrine, it is unnecessary to address the issue. *See Schertenleib v. Traum*, 589 F.2d 1156, 1162 n. 13 (2d Cir. 1978); *Malka v. E. F. Hutton & Co., Inc.*, 465 F.Supp. 131, 137 n. 1 (S.D.N.Y. 1979).

proper jurisdictional predicate, an action is better left to an alternative forum. 330 U.S. at 508, 67 S.Ct. at 843. *See also Fitzgerald, supra,* 521 F.2d at 451. However, the Supreme Court did enunciate certain factors which are to be considered by a trial judge in the exercise of his discretion. These include:

(a) The existence of an alternative forum;

(b) The convenience or potential prejudice to the litigants if transferred to another forum;

(c) The public interest at stake including a limitation on the use of a local forum for resolution of controversies which lack significant local contacts and may require the untangling of conflict of law questions and the possible application of foreign law;

(d) Trial practicalities including the access to sources of proof, the availability of compulsory process, the cost of obtaining willing witnesses, the possibility of either a court or a jury viewing the scene if it is a case in which a viewing would be appropriate and the enforceability of a judgment should one be obtained; and

(e) Consideration of any other factors which would bear on the interests of the original and alternate forums in the subject matter of the suit or on the possibility in either forum of a fair, expeditious and inexpensive trial. *Gulf Oil, supra,* 330 U.S. at 508–09, 67 S.Ct. at 843.

Against these considerations, however, it is crucial to note that a plaintiff's choice of forum is not to be lightly displaced. Indeed, while the temptation may be strong to send litigants to another jurisdiction, especially when the operative facts from which the action arises are foreign, it is only when the convenience of the parties and the interests of justice demand a change in forum that plaintiff's choice will be displaced. *See Fitzgerald, supra,* 521 F.2d at 450.

▪ Applying this analysis to the case at bar, I find that the convenience of all parties, as well as the interests of justice, will best be served if the instant action is dismissed and transferred to an appropriate forum in West Germany or the Netherlands, whichever forum plaintiffs choose.

There is no question that the plaintiffs and decedent are all citizens of The Netherlands. Nor is there any question that this action was triggered by an automobile accident which occurred in West Germany. Thus, plaintiffs are entitled to vindicate whatever claims they may have either in the courts of Netherland or West Germany.

Although forced to concede the existence of alternative forums, plaintiffs urge that these forums are not adequate. In particular, they argue, without benefit of documentation, that if forced to litigate in either West Germany or the Netherlands, they would not be entitled to a trial before a jury. Nor would they be permitted to recover punitive damages or pursue their claim alleging strict tort liability in those forums.

Even assuming plaintiffs' allegations to be true, there is no indication that they would be unable to obtain a fair trial in West Germany or the Netherlands if forced to try the case before a judge without a jury. Moreover, while one theory of recovery may be foreclosed in those jurisdictions, the plaintiffs would be able to obtain relief for their injuries as well as the death of the decedent. Indeed, plaintiffs have offered no evidence to the contrary. Thus, while there may exist certain differences between a trial of this action in New York and either West Germany or the Netherlands, they do not warrant a finding that these forums are not adequate alternatives.

It is equally clear that the convenience to all the litigants greatly outweighs any potential prejudice if the action is tried in West Germany or the Netherlands. The plaintiffs are all citizens of the Netherlands. And, the Netherlands is only 50 miles from the scene of the accident in West Germany.

There is not doubt that an action in either West Germany or the Netherlands would be more convenient for plaintiffs. However, plaintiffs do not seek such a

transfer. Rather, it is the defendant, a domestic corporation concededly doing business in New York, which seeks the transfer. Stated differently, it is the party with the only real contact with the instant forum which seeks the transfer.

▮ It is true that when a plaintiff chooses a forum in which a defendant resides, this weighs heavily against dismissal. *Schertenleib v. Traum*, 589 F.2d 1156, 1164 (2d Cir. 1978). However, these factors alone are not conclusive. Indeed, in *Schertenleib* the Court held that despite the residence of defendant in the forum, "[where] every other fact points to [a foreign jurisdiction] as the more convenient forum," the action should be dismissed. *Id.* at 1164–65. In fact, it may well be an abuse of discretion to retain a case in which the only contact with the forum chosen by plaintiff is that the defendant resides therein for purposes of venue. *Schertenleib, supra,* at 1164.

It is also apparent that given the limited contacts of the instant controversy with New York, the interests of the community strongly tip in favor of another forum. For example, it would indeed be an injustice to impose the burden of jury duty upon the people of a community having no relation to the litigation. *Malka v. E. F. Hutton & Co., Inc.,* 465 F.Supp. 131, 137 (S.D.N.Y.1979).

Moreover, given the nature of the claim, sounding in products liability, both West Germany, as the scene of the accident, and the Netherlands, as the home of the plaintiffs, have a significantly greater interest in the action. To be sure, West Germany has a great interest in determining the quality of goods to be used within its boarders. Likewise, the Netherlands has an interest in the quality of products to be used by its citizens. New York, however, has no such interest in the case at bar. It may subscribe to a greater or lesser quality of product than would the foreign jurisdictions having an interest in this case.

Finally, there is the choice of law question which also points to either West Germany or the Netherlands as more appropriate forums than New York. In light of the place of the accident and the citizenship of the plaintiffs and decedent, it is clear that a choice of law issue exists. And, under settled New York law, the law of the jurisdiction with the most significant contacts would be applied. *Babcock v. Jackson*, 12 N.Y.2d 473, 191 N.E.2d 279, 240 N.Y.S.2d 743 (1963).

Given the paucity of New York contacts with the case at bar, it is very unlikely that New York law will be applied in this diversity action. Rather, logic dictates that either the law of West Germany or the Netherlands will be controlling. Certainly these jurisdictions are in a better position to apply their own law than is a federal court sitting in New York.

Turning finally to the practicalities of trial, the availability of compulsory process, the cost of obtaining willing witnesses and the possibility of either the court or the jury viewing the accident scene all require that the action be commenced in a more appropriate forum.

Any eye witnesses to the accident are most likely to be residents of West Germany or the neighboring countries. Certainly the plaintiffs will testify and they are all residents of the Netherlands. And, no one has suggested that any New York residents will be called as witnesses during the trial of this action.

Moreover, this Court could not compel the appearance of these potential foreign witnesses at trial. Nor could it compel the production of relevant documents (accident reports and medical records), which may be in the hands of third parties in West Germany or the Netherlands.

Finally, a view of the scene may be possible in the case at bar. Indeed, defendant contends that the rupture of its tire occurred during or after the accident in issue. A view of the accident scene may prove helpful in resolving this issue. At any rate, a viewing would only be possible if the action were in an appropriate West German court.

It is true that certain evidence which may prove germane to the instant action is locat-

ed in the United States. For example, there are certain documents and transcripts in the possession of the Federal Trade Commission in Washington, D.C., which plaintiffs intend to introduce. In addition, plaintiffs intend to introduce certain documents which are in the possession of defendant and stored in its corporate headquarters in Akron, Ohio.

None of this evidence, however, is stored in New York and accordingly some inconvenience will necessarily be involved in shepherding it for trial in this Court. And, while this inconvenience may be slightly increased if the action is tried in either West Germany or the Netherlands, it is far outweighed by the other factors which strongly indicate that the action should be relegated to a more appropriate forum.

Accordingly, the complaint is dismissed on the conditions that (1) the courts of either West Germany or the Netherlands have jurisdiction to adjudicate the claims asserted herein; (2) the defendant appears generally in any action asserting the present claims filed against it by plaintiffs in either West Germany or the Netherlands; (3) the defendant waives jurisdictional defenses as well as any statute of limitations defense it did not have at the time this complaint was filed; (4) defendant produces in the foreign forum chosen by plaintiffs all reasonable discovery requests by plaintiffs including the production of any of defendant's employees whose depositions are required for the litigation of this action; and (5) the defendant will further employ all reasonable efforts to produce any Federal Trade Commission documents in its possession during the discovery period of the action.

SO ORDERED.