Kwame AGYENKWA, Plaintiff,

v.

**AMERICAN MOTORS CORP. and Speed Auto Sales, Inc.,**
**Defendants.**

**No. 85 CV 1146.**

United States District Court,
E.D. New York.

Nov. 20, 1985.

Gerald Ross, New York City, Adduci, Dinan & Mastriani, for plaintiff; Louis S. Mastriani, Bennett A. Caplan, Washington, D.C., of counsel.

Herzfeld & Rubin, New York City, for AMC; Edward L. Birnbaum, Jeffrey L. Chase, of counsel.

Paul Eric Rudde, New York City, for Speed Auto Sales, Inc.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This is a diversity action in which plaintiff seeks to recover for personal injuries sustained in a single vehicle accident. Defendant American Motors Corp. ("AMC") is the manufacturer of the vehicle—an AMC Jeep CJ7—that plaintiff was driving at the time of the crash. Defendant Speed Auto Sales, Inc. ("Speed") is the distributor from whom plaintiff purchased the vehicle. Both defendants have moved to dismiss the complaint on the ground of forum non conveniens. For the reasons stated below, the motion is granted.

### Facts

On December 4, 1981, the plaintiff purchased a 1982 AMC Jeep CJ7 from defendant Speed and arranged for Speed to ship the vehicle to plaintiff's residence in Accra, Ghana. Plaintiff alleges that the vehicle arrived toward the end of March, 1982, and that he delivered it to the local AMC dealer for a "routine service check-up" (Complaint ¶ 8). Plaintiff picked up the vehicle on April 2, 1982.

The accident occurred the next day as plaintiff was driving near North Accra, Ghana. Plaintiff swerved to avoid some potholes in the road and heard an "unusual noise" under the vehicle (Complaint ¶ 10). He alleges that the vehicle began turning "in a zig zag manner" and that he could not control it. When the vehicle finally flipped over into a ditch, plaintiff was thrown through the windshield and sustained serious injuries. In a complaint sounding in negligence, breach of warranty and perhaps strict liability, he seeks to recover for his personal injuries and medical expenses, and for business losses that he alleges are a result of the accident.

Defendant AMC is a Maryland corporation with its principal place of business in Southfield, Michigan. It alleges that the vehicle in question was manufactured in Toledo, Ohio. Defendant Speed is a New York corporation with its principal place of business in Brooklyn, New York. Plaintiff, a resident of Ghana, premises jurisdiction in this Court on diversity of citizenship, 28 U.S.C. § 1332. Defendants do not contest jurisdiction,[1] but argue that this Court should dismiss the complaint on the ground that Ghana provides a more convenient forum for this litigation.

### Discussion

■ The doctrine of forum non conveniens allows a court to "resist imposition upon its jurisdiction" even when jurisdiction and venue are technically proper.[2] *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947). The primary consideration is whether the convenience of the parties and the ends of justice would be served by dismissing the case.[3] *Koster v. Lumbermens Mut. Cas.*

---

1. Defendant AMC originally asserted jurisdictional objections, but withdrew them by letter dated August 13, 1985.

2. 28 U.S.C. § 1391(a) provides that in a diversity case, venue is proper in the district where all plaintiffs or all defendants reside or in the district in which the claim arose. Neither defendant has objected to venue in this Court.

3. Because of the enactment in 1948 of 28 U.S.C. § 1404(a), which allows a federal district court to transfer a case to a more convenient federal forum, the forum non conveniens dismissal is of only limited vitality today. *Menendez Rodriguez v. Pan Am Life Ins. Co.*, 311 F.2d 429, 432 (5th Cir.1962), *vacated on other grounds*, 376 U.S. 779, 84 S.Ct. 1130, 12 L.Ed.2d 82 (1964); Wright, Miller & Cooper, *Federal Practice and Procedure* § 3828, at 176. The doctrine is usual-

*Co.*, 330 U.S. 518, 527, 67 S.Ct. 828, 833, 91 L.Ed. 1067 (1947). Although the motion is addressed to the discretion of the district court, *Piper Aircraft v. Reyno*, 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981); *Overseas Nat'l Airways, Inc. v. Cargolux Airlines Int'l*, 712 F.2d 11, 14 (2d Cir.1983), the Supreme Court has described the appropriate inquiry.

First, "the court must determine whether there exists an alternative forum."[4] *Piper Aircraft Co. v. Reyno, supra*, 454 U.S. at 254 n. 22, 102 S.Ct. at 265 n. 22. If this requirement is met, the public and private interests at stake are balanced, as outlined in *Gulf Oil Corp. v. Gilbert, supra. Gilbert* also instructs that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Id.* 330 U.S. at 508, 67 S.Ct. at 843. The Court has subsequently made clear, however, that the choice of a foreign plaintiff is entitled to less deference. *See Piper Aircraft v. Reyno, supra*, 454 U.S. at 255–56, 102 S.Ct. at 265–66 ("When the home forum has been chosen, it is reasonable to assume that the choice is convenient. When the plaintiff is foreign, however, this assumption is much less reasonable."). Thus, although there is still a presumption in favor of the plain-

tiff's selection of this forum, the defendant's burden of showing inconvenience sufficient to justify dismissal is less stringent than it would be if the plaintiff were a citizen. With that in mind, I shall address each part of the test in turn.

## A. *Availability of an Alternative Forum*

Defendants argue that the courts of Ghana provide a suitable alternative forum for this case. The plaintiff, however, points to several factors, both legal and practical, that he says militate against litigating in Ghana.

Plaintiff's first concern is that he may not possess jurisdiction over the defendants in Ghana. In addition, plaintiff fears that Ghana's three-year statute of limitations for personal injury actions will bar his suit. In response, both defendants have agreed to waive any jurisdictional and statute of limitations defenses should this case be litigated in Ghana.

The plaintiff contends, however, that this does not solve the problem, arguing that the Ghanaian Court might refuse to exercise jurisdiction over the case despite the concessions of the defendants. The parties' experts differ on this point.[5] Thus, in

ly invoked only when, as is the case here, the forum alleged to be more convenient is in a foreign country. *See Schertenleib v. Traum*, 589 F.2d 1156, 1161 (2d Cir.1978).

**4.** The Supreme Court has left open the question whether a federal court sitting in diversity must apply state forum non conveniens rules. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249 n. 13, 102 S.Ct. 252, 262 n. 13, 70 L.Ed.2d 419 (1981); *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 529, 67 S.Ct. 828, 834, 91 L.Ed. 1067 (1947); *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). The Second Circuit, too, in *Schertenleib v. Traum*, 589 F.2d 1156, 1162 n. 13 (2d Cir.1978), found that the similarity between federal and New York law on the issue obviated the need to decide that "intriguing question."

The New York Court of Appeals, however, in *Islamic Republic of Iran v. Pahlavi*, 62 N.Y.2d 474, 478 N.Y.S.2d 597, 467 N.E.2d 245 (1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 783, 83 L.Ed.2d 778 (1985), has held that the availability of an alternative forum is no longer a prerequi-

site to dismissal. Thus it appears that federal law and state law have diverged on this point and that it may soon become necessary to resolve the question left open by those earlier courts. I need not decide that issue now, however, in light of my finding that an alternative forum for this ligitation exists in Ghana.

**5.** The plaintiff's attorney has submitted an affidavit (Mastriani Aff.) which covers various aspects of Ghanaian law. The basis of the affiant's knowledge is telephone consultation with a member of the bar of Ghana. Defendant has submitted an affidavit (Atadika Aff.) and a supplemental affidavit (Atadika Supp. Aff.) by a Ghanaian attorney, who has appended copies of cases and court rules. When confronted with a dispute between experts, "the court may dismiss if it 'justifiably believes' that there is an adequate alternative forum, as long as the dismissal is made conditional on defendants' consenting to suit elsewhere and on the transferee court's accepting jurisdiction. *Calavo Growers of California v. Generali Belgium*, [632 F.2d 963, 968 n. 6 (2d Cir.1980) ], *cert. denied,* 449 U.S. 1084, 101 S.Ct. 871, 66 L.Ed.2d 809 (1981); *Schertenleib v.*

order to protect against the possibility that the court in Ghana may refuse to hear this case, the dismissal will be conditioned on both the defendants' waiver of the two objections and the acceptance of jurisdiction by the court in Ghana.

The plaintiff argues that even if these legal obstacles are hurdled, there are several practical problems that make Ghana an inadequate alternative forum. First, he contends that pre-trial discovery procedures are superior in this forum. Second, he believes that Ghanaian law does not provide a right to trial by jury in cases such as this. Finally, plaintiff argues that there is no contingent fee system in Ghana, and that he is without the financial means to hire an attorney on any other basis. He adds that Ghanaian law requires the losing party to pay the winning party's legal fees, a risk he cannot afford to take.

Again the parties' experts on the laws of Ghana disagree on these matters. Defendants have, however, agreed to waive any rights they may have to attorney fees if they prevail.[6] As to plaintiff's alleged inability to obtain counsel in Ghana, the absence of a contingent fee system "is a factor which favors ... retention of jurisdiction, though it is not determinative ...." *Hodson v. A.H. Robins Co. Inc.*, 528 F.Supp. 809, 818 (E.D.Va.1981), *aff'd*, 715 F.2d 142 (4th Cir.1983).

Here it is in dispute whether contingent fee arrangements are permitted in Ghana, although defendants' expert—who states that such arrangements are legal today—appears to be more familiar with the issue. *Compare* Atadika Supp. Aff. ¶¶ 6–8 *with* Mastriani Aff. ¶ 4. In any case, there is every indication that the plaintiff has the financial means to proceed in Ghana. He has not submitted any financial statements, but in his papers in opposition to the motion to dismiss, he has provided an accountant's report covering one of his businesses.

*See* Exh. C to Plaintiff's Opposition to Defendant's Motion to Dismiss. This report is submitted as evidence of business losses suffered by plaintiff as a result of the accident. It also reveals, however, that plaintiff is a man of some means. Aside from his interests in at least two profitable businesses, plaintiff was able to afford nine trips to London for medical treatment, and he rented a vehicle costing almost $6,000 per year. In addition, plaintiff has offered to finance the transportation to New York of witnesses and evidence, both documentary and physical, if this Court denies the motion to dismiss. Plaintiff thus hardly appears unable to finance litigation in Ghana.

Plaintiff also states that discovery procedures in Ghana are limited. Defendants, however, have provided copies of Ghana's discovery rules, and they appear to be reasonably similar to our own. *See* Atadika Supp. Aff. Exh. 3. Moreover, "some inconvenience or the unavailability of beneficial litigation procedures similar to those available in the federal district courts does not render an alternative forum inadequate." *Shields v. Mi Ryung Constr. Co.*, 508 F.Supp. 891, 895 (S.D.N.Y.1981); *see Calavo Growers of California v. Generali Belgium*, 632 F.2d 963, 968 n. 6 (2d Cir.1980), *cert. denied*, 449 U.S. 1084, 101 S.Ct. 871, 66 L.Ed.2d 809 (1981). For the same reason, the unavailability of a jury trial in Ghana—another point on which the parties disagree—does not require that this Court retain jurisdiction, especially in the absence of any explanation by the plaintiff as to why this would be prejudicial. Finally, in order to ensure that the plaintiff will be able to collect his damages should he prevail in Ghana, I will condition dismissal on the defendants' agreement to pay any judgment rendered against them in Ghana.

Having concluded that the courts of Ghana provide an adequate alternative forum

---

*Traum, supra,* 589 F.2d at 1163." *Shields v. Mi Ryung Constr. Co.,* 508 F.Supp. 891, 895 (S.D.N.Y.1981).

**6.** Defendant Speed has not specifically made this offer, but it has indicated its intent, *see*

Rudder Aff. ¶ 2, to "join and adopt the content" of defendant AMC's motion papers, which do specifically state that AMC will waive any claim to fees. The order of dismissal will be conditioned on both parties agreeing to such a waiver.

for this litigation, I turn to the *Gulf Oil v. Gilbert* balancing test.

## B. *The Balancing of the Public and Private Interests at Stake*

The Supreme Court in *Gulf Oil v. Gilbert* laid out the factors that a court must consider in balancing the public and private interests at stake in a forum non conveniens determination. That test was summarized as follows in *Piper Aircraft v. Reyno:*

> The factors pertaining to the private interests of the litigants included the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gilbert,* [330 U.S. at 508[, 67 S.Ct. at 843]]. The public factors bearing on the question included the administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty. *Id.* at 509. [67 S.Ct. at 843]

454 U.S. at 241 n. 6, 102 S.Ct. at 258 n. 6.

### 1. *The Private Interests*

The plaintiff's theories of recovery in this case are negligence, breach of warranty, and seemingly, although it is not completely clear from the complaint, strict liability. Plaintiff argues that the defective nature of the vehicle is the key issue and that information pertaining to the design and manufacture of the AMC Jeep CJ7 is located in the United States (although not in New York). Defendant argues that this is a negligence case and that evidence about the accident is located in Ghana.

While reasonable minds may differ as to the proper characterization of this action, I conclude that access to evidence will be facilitated, and the convenience of witnesses and parties furthered, if this case is tried in Ghana.

This suit is in fact very similar to *Piper Aircraft v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). There the representative of several Scottish citizens killed in a plane crash in Scotland instituted a wrongful death action in the United States against a Pennsylvania plane manufacturer and an Ohio propeller manufacturer. In affirming the dismissal of the suit in favor of a Scottish forum, the Court agreed with the plaintiff that records concerning the design, manufacture and testing of the plane were located in the United States. *See id.* at 242, 257, 102 S.Ct. at 258, 266. Dismissal was not unreasonable, however, in light of the fact that witnesses who could testify about the maintenance of the plane, the training of the pilot, and the investigation of the accident were all located in Scotland. *See id.* at 242, 257–59, 102 S.Ct. at 258, 266–67. In addition, information and witnesses on the issue of damages were to be found in Scotland, and trial "would be aided by familarity with Scottish topography and by easy access to the wreckage." *Id.* at 242, 102 S.Ct. at 258.

Many of the same considerations obtain in this case. The AMC dealer who was the last to check the vehicle is in Ghana, as are the police personnel who investigated the accident and inspected the wreckage. In addition, the defendants allege that plaintiff was contributorily negligent. A view of the accident scene—the road and potholes—will be helpful in determining that issue. Finally, at least some of plaintiff's doctors and medical records are in Ghana; the rest may be in London, but they are surely not in New York. Plaintiff's business records are also in Ghana; these documents will be needed to ascertain damages.

The plaintiff is correct, as was the plaintiff in *Piper Aircraft v. Reyno*, that corporate records relevant to the alleged design defect are in the United States.[7] I will therefore take the suggestion of the Supreme Court in *Reyno*, and "dismiss subject to the condition that defendant corporations agree to provide the records relevant to the plaintiff's claims." 454 U.S. at 257 n. 25, 102 S.Ct. at 267 n. 25. As long as plaintiff's access to the design and testing records is assured, the private interests of the parties should be well served by trial in Ghana, as all other evidence relating to the accident and the damages is located there.

### 2. *The Public Interests*

Analysis of the public interests prong of the *Gilbert* test also leads to the conclusion that this case would be better tried in Ghana. The local interest in deciding this case is almost nonexistent. The plaintiff is not a resident of New York, the vehicle was not manufactured here, and the accident did not take place here. The only contact with this forum is that the vehicle happened to pass through a New York distributor on its way from Ohio to Ghana. Any defect in design or manufacture arose before the vehicle got to New York, and any injury to the plaintiff took place after the vehicle left New York.[8] There is no reason why this Court or a local jury should be burdened with a litigation having such a tangential relation to this forum. *See Danser v. Firestone Tire & Rubber Co.*, 86 F.R.D. 120, 123 (S.D.N.Y.1980).

An analysis of the law that would apply also points to Ghana as the appropriate forum. Under New York's choice of law rules—which *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941) mandates be applied in this diversity case—it appears that the law of Ghana will govern all aspects of this controversy.

In tort cases, New York courts generally apply the law of the place of the accident, unless application of some other law will better further state interests without impairing the smooth functioning of the interstate system. *Shafarman v. Ryder Truck Rental, Inc.*, 100 F.R.D. 454, 458 (S.D.N.Y. 1984). For example, New York courts have found departure from the law of the place of the accident to be warranted when a foreign state's law might bar or limit the recovery of a New York resident. *See, e.g., Tooker v. Lopez*, 24 N.Y.2d 569, 301 N.Y.S.2d 519, 249 N.E.2d 394 (1969); *Babcock v. Jackson*, 12 N.Y.2d 473, 240 N.Y. S.2d 743, 191 N.E.2d 279 (1963). In this case, the plaintiff is not a New York resident, the accident did not take place here, and the vehicle was not manufactured here. New York thus has no interest that would be furthered by the displacement of the law of Ghana.

Plaintiff next argues that even if Ghanaian law were to apply to the tort issues in the case, New York law should govern the contract/warranty issues. It appears, however, that a New York court might not apply two different bodies of law to this case, but rather would apply the law of Ghana to both the tort and warranty causes of action. *Cf. Martin v. Julius Dierck Equip. Co.*, 52 A.D.2d 463, 384 N.Y. S.2d 479 (2d Dep't 1976) (for purposes of borrowing statute, Virginia was place of accrual of both negligence and warranty

---

**7.** I note that while these records most assuredly are not located in Ghana, neither are they located in New York. Presumably they are to be found in Ohio, where the vehicle was manufactured, or in Michigan, where AMC maintains its corporate headquarters.

**8.** Defendant relies on *Chance v. DuPont De Nemours Co.*, 371 F.Supp. 439 (E.D.N.Y.1974), to establish New York's "continuing interest in torts occurring outside of the state." (Plaintiff's Opposition to Defendant's Motion to Dismiss at

29). That case is inapposite, however, as it supports the application of New York law when tortious physical acts in New York have consequences outside the state or when tortious decisions to act or refrain from acting are formulated in New York. *See id.* at 445. Here there is no allegation that any conduct or managerial decision affecting the manufacture of the AMC Jeep CJ7 took place in this state. New York thus has little, if any, interest in deciding this case.

causes of action arising from defect in forklift manufactured in New York and causing injury in Virginia), *aff'd on other grounds,* 43 N.Y.2d 583, 403 N.Y.S.2d 185, 374 N.E.2d 97 (1978); *see also Wheeler v. Standard Tool & Mfg. Co.,* 359 F.Supp. 298, 301 (S.D.N.Y.1973) (under New York law, strict liability cases are governed by the law of the place of the injury), *aff'd* 497 F.2d 897 (2d Cir.1974). Thus, the fact that the law of Ghana will likely govern the resolution of this case suggests the wisdom of dismissal in favor of a court familiar with that law. *See Piper Aircraft v. Reyno, supra,* 454 U.S. at 260 n. 29, 102 S.Ct. at 268 n. 29; *Calavo Growers of California v. Generali Belgium, supra,* 632 F.2d at 967, *cert. denied,* 449 U.S. 1084, 101 S.Ct. 871, 66 L.Ed.2d 809 (1981); *Schertenleib v. Traum,* 589 F.2d 1156, 1165 (2d Cir.1978).

### *Conclusion*

Accordingly, defendant's motion to dismiss the complaint is granted, subject to the following conditions:

1. that defendants consent to suit and acceptance of process in any suit plaintiff files in Ghana on the claims that are the subject of the instant suit;

2. that the appropriate forum in Ghana accepts jurisdiction to hear the case;

3. that defendants agree to waive any statute of limitations defense;

4. that defendants agree to make available, at their own expense, any documents, records or witnesses within their control that are needed for the fair adjudication of the plaintiff's claims in Ghana;

5. that defendants agree to pay any judgments which may be rendered against them in Ghana in any suit on the plaintiff's claims, and that they agree to waive any claim for attorney fees;

6. that the defendants advise the Court and the plaintiff of their consent to these conditions within thirty days of the date of this Order, and that they inform the Court within sixty days of the date of this Order of their efforts to determine whether Ghana will accept jurisdiction.

The plaintiff's motion to recover its costs in defending this motion is denied.

SO ORDERED