Anthony BEEKMANS, Plaintiff,

v.

J.P. MORGAN & CO., Defendant.

No. 96 Civ. 1768 (SWK).

United States District Court,
S.D. New York.

Nov. 19, 1996.

Mark Grossman, New York City, for Plaintiff.

Davis Polk & Wardwell by Lewis B. Kaden, Arnon D. Siegel, Ronnie Abrams, New York City, for Defendant.

## ORDER

KRAM, District Judge.

In this defamation action, defendant J.P. Morgan & Co. ("J.P. Morgan") moves to dismiss the complaint on forum non conveniens grounds, claiming that the Netherlands, where most of the witnesses are located, much of the activity took place, and plaintiff is domiciled, is a more appropriate forum to hear plaintiff's claims. Plaintiff Anthony Beekmans ("Beekmans") opposes the motion and cross-moves that the Court make its decision to dismiss this action, if it decides to do so, a "preliminary" one subject to renewal after the completion of discovery. In the alternative, Beekmans requests immediate discovery on the issues raised by J.P. Morgan's motion, including the scope of J.P. Morgan's actions within the United States and elsewhere. For the reasons set forth below, J.P. Morgan's motion to dismiss on the grounds of forum non conveniens is granted, and Beekmans's cross-motions are denied.

## BACKGROUND

Beekmans is a Dutch resident who lives and works in the Netherlands. Complaint ¶¶ 2, 6. The Complaint alleges that this cases arises out of a claim that J.P. Morgan

> maliciously and falsely (1) attributed statements to plaintiff, which were intended to reflect badly upon plaintiff, his reputation and business abilities, and (2) calculated to destroy plaintiff's exemplary career, and communicated such defendant created statements to plaintiff's employer, Internationals Nederlanden Bank N.V. [sic], with the result that plaintiff's senior level position and twenty years with said firm were terminated and plaintiff's business reputation and standing in the Netherlands were severely damaged.

Complaint ¶ 1.

The electronic mail memorandum (the "Memorandum") which is the subject of this litigation was composed by Benjamin Meuli

("Meuli") following a dinner attended by Beekmans, Meuli and others at a restaurant in London, England on May 31, 1995. Complaint ¶¶ 11–28. The Memorandum asserts, inter alia, that during the course of the dinner Beekmans made statements that were potentially damaging to the reputation of his employer, Internationale Nederlanden Bank, N.V. ("ING Bank"), made racially inflammatory comments, and appeared to be intoxicated. Memorandum, dated Jan. 6, 1996, annexed to the Affidavit of Scott G. Campbell, dated June 24, 1996 ("Campbell Aff."), as Exh. "A." At the time of the dinner, Meuli, an English citizen who lives and works in London, was Managing Director and co-head of Capital Markets for J.P. Morgan Securities Ltd., an indirect, wholly-owned subsidiary of J.P. Morgan in the United Kingdom. Campbell Aff. at ¶ 2. Following the May 31 dinner, Meuli wrote and then sent the Memorandum by electronic mail to six people, one of whom worked in Amsterdam, and five of whom worked in London. Id. at ¶ 3. The message was subsequently forwarded to others elsewhere. Id. Beekmans maintains that at some point, the Memorandum was circulated in New York, and that the ultimate decision to publish took place in New York.

The individual who conveyed the allegedly defamatory statements to ING Bank is John E. Trip ("Trip"), Managing Director of J.P. Morgan Nederland N.V., an indirect, wholly-owned subsidiary of J.P. Morgan. Declaration of John E. Trip, dated June 19, 1996 ("Trip Decl."), at ¶ 1. A printed copy of the Memorandum was presented to Beekmans's Dutch employer on June 7, 1995 in the Netherlands. Trip Decl. at ¶ 3. On that date, Trip met with Jan H. Holsboer, a member of the Executive Board of ING Group N.V. (of which ING Bank is a subsidiary) at ING Bank's offices in Amsterdam, and handed Mr. Holsboer a copy of the Memorandum from which the names of Meuli and Beekmans had been redacted. Id. at ¶ 3.

Following disclosure of the Memorandum, Beekmans was terminated from his job at ING Bank, a banking institution incorporated under the laws of the Netherlands. Affidavit of Jan H.J. Houben, dated June 19, 1996 ("Houben Aff."), at ¶ 2. After Beekmans was suspended from his job in the Netherlands, he and ING Bank litigated his employment status before a Dutch court. Houben Aff. at ¶¶ 1, 3. On November 22, 1995, the District Court of Amsterdam granted ING Bank's request for nullification of its employment contract with Beekmans on the grounds that ING Bank had lost trust in Beekmans's ability to continue to perform his duties appropriately. See Internationale Nederlanden Bank v. T.H.M.A. Beekmans, dated July 26, 1995, annexed to the Houben Aff. as Exh. "A." In so doing, the court held that "Meuli's statements suffice to justify that [ING Bank's] Board of Directors is no longer confident that [Beekmans] would function appropriately in his position," and that Beekmans "ha[d] contributed to a large extent to the fact that [ING Bank] did not want to maintain him in his position." Id. at ¶¶ 12, 13.

On March 12, 1996, Beekmans brought the present action in this Court, and on June 24, 1996, J.P. Morgan moved to dismiss the complaint on forum non conveniens grounds. For the reasons set forth below, J.P. Morgan's motion to dismiss the complaint is granted, and Beekmans's cross-motions are denied.

## DISCUSSION

### I. Forum Non Conveniens

 The decision to grant a motion to dismiss under the doctrine of forum non conveniens lies wholly within the discretion of the district court. *Scottish Air Int'l, Inc. v. British Caledonian Group, PLC*, 81 F.3d 1224, 1232 (2d Cir.1996); *Overseas Nat'l Airways, Inc. v. Cargolux Airlines Int'l, S.A.*, 712 F.2d 11, 14 (2d Cir.1983). Under the doctrine of forum non conveniens, a district court may dismiss a case

> when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would "establish ... oppressiveness and vexation to a defendant ... out of all proportion to plaintiff's convenience," or when the "chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems."

*Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241, 102 S.Ct. 252, 258, 70 L.Ed.2d 419 (1981) (quoting *Koster v. (American) Lumbermens Mut. Casualty Co.,* 330 U.S. 518, 524, 67 S.Ct. 828, 831, 91 L.Ed. 1067 (1947)). This power exists even when a district court properly possesses jurisdiction and venue. *Id.; Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 507, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947).

■ Although a plaintiff's choice of forum should seldom be disturbed, *Gulf Oil Corp. v. Gilbert,* 330 U.S. at 508, 67 S.Ct. at 842, a foreign plaintiff is entitled to a far weaker presumption than is a United States citizen. *Piper Aircraft Co. v. Reyno,* 454 U.S. at 255–56, 102 S.Ct. at 265–66; *Agyenkwa v. American Motors Corp.,* 622 F.Supp. 242, 244 (E.D.N.Y.1985). Even in cases involving foreign plaintiffs, however, "the burden remains on the defendant[ ] to demonstrate why the presumption in favor of plaintiff's choice—a weakened presumption though it may be—should be disturbed." *Karvelis v. Constellation Lines SA,* 608 F.Supp. 966, 972 (S.D.N.Y.1985), *aff'd,* 806 F.2d 49 (2d Cir. 1986), *cert. denied,* 481 U.S. 1015, 107 S.Ct. 1891, 95 L.Ed.2d 498 (1987).

## II. Adequate Alternative Forum

■ At the outset of any forum non conveniens inquiry, the Court must determine whether an alternative forum exists. *Piper Aircraft Co. v. Reyno,* 454 U.S. at 255 n. 22, 102 S.Ct. at 265 n. 22. Here, the Court finds that the Netherlands would provide an adequate forum for Beekmans's claims. Dutch law recognizes a cause of action for the tort of defamation, and the statute of limitations for such an action is at least five years. Henrichs Aff. at ¶¶ 2, 3.

■ With respect to jurisdiction, the office of J.P. Morgan Nederland N.V., the employer of the individual who transmitted the Memorandum to ING Bank, is located in Amsterdam. The fact that a defendant is domiciled in the original forum "is robbed of significance" where, as here, that party consents to jurisdiction in the proposed transferee forum. *In re Union Carbide Corp. Gas Plant Disaster,* 809 F.2d 195, 203 (2d Cir.), *cert. denied,* 484 U.S. 871, 108 S.Ct. 199, 98 L.Ed.2d 150 (1987); *see also Piper Aircraft*

*Co. v. Reyno,* 454 U.S. at 255 n. 22, 102 S.Ct. at 265 n. 22 (requirement of an alternative forum satisfied when defendant is amenable to process in other jurisdiction); *Borden, Inc. v. Meiji Milk Prods. Co.,* 919 F.2d 822, 828 (2d Cir.1990) (same), *cert. denied,* 500 U.S. 953, 111 S.Ct. 2259, 114 L.Ed.2d 712 (1991). Additionally, Beekmans's assertion that J.P. Morgan must post security for any judgment in another country is without merit. Any final judgment received by Beekmans in the Netherlands is as enforceable in New York as in the Netherlands. *See* N.Y.Civ.Prac.L. & R. 5301; *see also Morris v. Chemical Bank,* No. 85 Civ. 9838, 1987 WL 16973, at *6 (S.D.N.Y. Sept. 10, 1987) (citing N.Y.Civ.Prac.L. & R. 5301), *aff'd,* 847 F.2d 835 (2d Cir.1988).

## III. Private and Public Factors

■ The Supreme Court has urged flexibility in entertaining forum non conveniens dismissals, indicating that there are no determinative factors that dictate either granting or denying a motion to dismiss on this basis. *See Piper Aircraft Co. v. Reyno,* 454 U.S. at 249, 102 S.Ct. at 262; *Gulf Oil Corp. v. Gilbert,* 330 U.S. at 508, 67 S.Ct. at 842. A number of "private" and "public" factors are important in the forum non conveniens inquiry, however, including (1) the relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses; (3) the enforceability of a judgment if one is obtained; (4) the local interest in having localized controversies decided at home; (5) the remoteness of the forum from the situs of the event and the forum court's need to rely upon foreign law; and (6) all other practical considerations that make trial of a case easy, expeditious, and inexpensive. *Gulf Oil Corp. v. Gilbert,* 330 U.S. at 508–09, 67 S.Ct. at 842–43.

■ The private interest factors examine the relative convenience of the parties to the litigation. Here, virtually all of the witnesses and other sources of proof are located in the Netherlands or the United Kingdom. Beekmans lives in the Netherlands, and Meuli in London. Other relevant witnesses include

Trip, individuals at ING Bank, and others who may testify about damage to Beekmans's reputation, all of whom live in the Netherlands.

If litigation were to proceed in the United States, the parties would be unable to compel the testimony of many of these crucial non-party witnesses, such as individuals at ING Bank, as they are not subject to the compulsory process of this Court. *See Morris v. Chemical Bank,* 1987 WL 16973, at *4 (citing *Jaynes v. Jaynes,* 496 F.2d 9 (2d Cir.1974)). The inability to obtain the testimony of these witnesses is a compelling factor favoring dismissal. *See Allstate Life Ins. Co. v. Linter Group, Ltd.,* 994 F.2d 996, 1001 (2d Cir.), *cert. denied,* 510 U.S. 945, 114 S.Ct. 386, 126 L.Ed.2d 334 (1993); *Fitzgerald v. Texaco, Inc.,* 521 F.2d 448, 451–52 (2d Cir.1975), *cert. denied,* 423 U.S. 1052, 96 S.Ct. 781, 46 L.Ed.2d 641 (1976). Neither of the two witnesses affiliated with J.P. Morgan—Meuli and Trip—live or work in New York, nor do any of the J.P. Morgan Securities Ltd. employees who attended the dinner that gave rise to this litigation.[1]

While trial in New York would be burdensome to J.P. Morgan in terms of obtaining relevant testimony of its witnesses, it would not further any countervailing convenience of Beekmans, who neither works nor resides in New York. Beekmans's assertion that the Memorandum may have passed through the hands of some individuals in J.P. Morgan's New York office does not, on balance, outweigh the overwhelming inconvenience of continuing litigation in New York as compared to the Netherlands. Thus, the relevant private factors strongly lean toward dismissal in favor of a Dutch forum. The mere fact that J.P. Morgan is headquartered in New York is simply not significant enough to justify the litigation of this action in the United States.

 Consideration of public factors provide an equally strong argument for forum non conveniens dismissal of this action. As an initial matter, Dutch law will likely apply to this action. Under New York choice of law rules, "[t]he forum with the most significant relationship in a defamation case is 'usually the forum where the plaintiff was domiciled at the time that the [defamatory statement] was published in that [forum], since that is where he is presumed to be most injured.'" *Morris v. Chemical Bank,* 1987 WL 16973, at *7 (citing *Davis v. Costa-Gavras,* 580 F.Supp. 1082, 1091 (S.D.N.Y. 1984)). Beekmans is domiciled in the Netherlands, and although as Beekmans contends, his reputation has been "damaged in the international financial community," he does not dispute that the Netherlands is where he suffered the greatest harm. *See* Complaint ¶ 1. Trip, the publisher of the defamatory statement, is domiciled in the Netherlands, and the Netherlands was the principal place of circulation of the Memorandum. These facts would likely lead to the application of Dutch law.[2]

Moreover, Dutch courts are far better situated to apply and interpret Dutch law. *See Evans v. Cunard Line Ltd.,* No. 93 Civ. 5745, 1994 WL 150826, at *2 (S.D.N.Y. Apr. 19, 1994) (dismissing action on grounds of forum non conveniens because, among other reasons, English courts were "plainly more suited" to resolve a matter governed by English law); *Cindy Royce Creations, Inc. v. Simmons & Simmons,* No. 92 Civ. 9404, 1993 WL 288291, at *7 (S.D.N.Y. July 28, 1993) (dismissing action because underlying con-

---

1. Beekmans's assertion that "[J.P.] Morgan can afford to bring Meuli to New York" is precisely the type of unnecessary expense that the forum non conveniens doctrine endeavors to avoid. Convenience is the cornerstone of forum non conveniens, and expense is a significant component of convenience.

2. The Court notes that the fact that J.P. Morgan is headquartered in New York does not affect this analysis. *See, e.g., Transunion Corp. v. PepsiCo, Inc.,* 811 F.2d 127, 129 (2d Cir.1987) (dismissing action despite fact that defendant was a New York corporation, certain of the alleged misrepresentations were made in New York, and certain witnesses and documents were in New York); *Schertenleib v. Traum,* 589 F.2d 1156, 1164 (2d Cir.1978) (dismissing action notwithstanding fact that defendant resided in chosen forum). The Netherlands, in contrast, has a substantial interest in hearing a case involving a Dutch citizen whose reputation was allegedly injured in the Netherlands due to the transmission of a Memorandum to his Dutch employer in the Netherlands.

tract governed by English law). Dismissal of the action on forum non conveniens grounds will relieve this Court from having to "untangle ... law foreign to itself." *Gulf Oil Corp. v. Gilbert,* 330 U.S. at 509, 67 S.Ct. at 843.

Finally, the remaining public factors militate toward dismissal. As in *Piper,* "[t]he American interest in this [alleged defamation] is simply not sufficient to justify the enormous commitment of judicial time and resources that would inevitably be required if the case were to be tried here." *Piper Aircraft Co. v. Reyno,* 454 U.S. at 261, 102 S.Ct. at 268; *see also Jauss v. Lehman Bros., Inc.,* No. 94 Civ. 2921, 1995 WL 4023, at *4 (S.D.N.Y. Jan. 5, 1995) (noting that the Southern District of New York is "unduly congested"). The Court and the jurors of this country ought not to be burdened with deciding a case with so little relation to the United States.

## IV. Additional Discovery

Beekmans requests that, should the Court decide to dismiss the action, it make such a decision a "preliminary one," subject to reconsideration once discovery has been completed on the issue of publication and circulation of the Memorandum. Beekmans neither provides the Court any authority to support this proposal, nor does he explain how dismissal of the case would leave the Court with any action in which to conduct discovery. In any event, based on the overwhelming centrality of the Netherlands to this plaintiff and the claims alleged in his complaint, and for the reasons outlined above, the Court declines to make the present order merely preliminary.

In the alternative, Beekmans cross-moves for immediate discovery on the issue of publication and circulation of the Memorandum. Beekmans fails to suggest, however, how any such discovery could affect the outcome of this motion so rooted in his own complaint. Even assuming such discovery were to demonstrate that J.P. Morgan's decision to transmit the memorandum to ING Bank was made in New York, such a limited connection would not outweigh the centrality of the Netherlands in this action.

The fact that this motion is based on affidavits does not compel the conclusion that discovery should be granted. In this Circuit, "[m]otions to dismiss for forum non conveniens may be decided on the basis of affidavits." *Transunion Corp. v. PepsiCo, Inc.,* 811 F.2d 127, 130 (2d Cir.1987) (citation omitted). In fact, the use of affidavits in forum non conveniens motions is "well established practice in the Southern District of New York...." *Alcoa Steamship Co. v. M/V Nordic Regent,* 654 F.2d 147, 158 (2d Cir.1980), *cert. denied,* 449 U.S. 890, 101 S.Ct. 248, 66 L.Ed.2d 116 (1980). A motion to dismiss for forum non conveniens does not call for a detailed development of the entire case through discovery, *Fitzgerald v. Texaco, Inc.,* 521 F.2d 448, 451 n. 3 (2d Cir.1975), because "[r]equiring extensive investigation would defeat the purpose of [the] motion." *Piper Aircraft Co. v. Reyno,* 454 U.S. at 258, 102 S.Ct. at 266.

The core transmission is the one alleged in the complaint, namely that "[i]n or about July 1995, ING's Management Board was approached by a member of defendant's Management Board who delivered to ING Meuli's memorandum...." Complaint ¶ 17. Discovery on peripheral facts regarding transmission would not change the central facts of this case, and would not alter the convenience of litigating this matter in the Netherlands.

## CONCLUSION

For the reasons set forth above, J.P. Morgan's motion to dismiss the action on forum non conveniens grounds is granted. Beekmans's cross-motions to make this order "preliminary" and for further discovery are denied.

SO ORDERED.