**OVERSEAS NATIONAL AIRWAYS, INC., Plaintiff-Appellant,**

v.

**CARGOLUX AIRLINES INTERNATION-AL, S.A., Defendant-Appellee.**

No. 1303, Docket 83–7098.

United States Court of Appeals, Second Circuit.

Argued May 12, 1982.

Decided June 22, 1983.

Edward M. O'Brien, New York City (Bigham Englar Jones & Houston, New York City, of counsel), for plaintiff-appellant.

Michael J. Holland, New York City (Condon & Forsyth, Lawrence Mentz, Claudia Fucigna, New York City, of counsel), for defendant-appellee.

Before OAKES, CARDAMONE and PIERCE, Circuit Judges.

PIERCE, Circuit Judge:

Plaintiff-appellant Overseas National Airways, Inc. (ONA) appeals from a judg-

ment of the United States District Court for the Southern District of New York, Vincent L. Broderick, Judge, dismissing on grounds of forum non conveniens ONA's complaint seeking damages under theories of common law bailment and negligence against defendant Cargolux Airways International, S.A. (Cargolux). We find no abuse of the district court's discretion, therefore, we affirm.

## FACTS

The present appeal stems from the fire and destruction of a domestic airline's jet aircraft while in a foreign country and in the hangar facilities of a foreign company with whom plaintiff had contracted for maintenance and modification services for the aircraft. At issue is the determination of the appropriate forum for litigation of plaintiff's claims.

On December 23, 1980, ONA, a Delaware corporation with its principal place of business in New York, negotiated a "Customers Request for Services" (CRFS) contract with Cargolux, a company incorporated under the laws of the Grand Duchy of Luxemburg. Negotiations for the CRFS, conducted in Luxemburg, contemplated that Cargolux would provide certain services and modifications on a DC8–61 jet aircraft to be delivered by ONA on January 5, 1981, to Cargolux' hangar facilities at Luxemburg Airport, Niederanven, Luxemburg.

A DC8–61 aircraft, registration number N913R, was delivered to Luxemburg as agreed and Cargolux performed the services which were the subject of the CRFS. Shortly after 2:00 a.m. on January 15, 1981, while the aircraft was in Cargolux' hangar, a fire broke out in an unattended area of the aircraft. At the time, two Cargolux mechanics were on board the aircraft completing minor maintenance tasks. After the mechanics unsuccessfully attempted to extinguish the fire, airport and city fire brigades were summoned to the hangar.

Flames spread throughout the planes fuselage and completely destroyed the aircraft before the fire brigades were able to bring the fire under control.

The complaint, filed in the United States District Court for the Southern District of New York on June 28, 1982, alleges that Cargolux breached its bailment agreement by not returning the subject aircraft in good order and condition upon demand, and that plaintiff's losses were due to defendant's negligence and carelessness.[1] ONA demanded damages of $11,500,000 for the loss of the plane, and loss of the use of the plane and interests.

Cargolux moved for dismissal of the action on the ground of forum non conveniens arguing that since all the events preceding the filing of the complaint occurred in Luxemburg, that country should be the appropriate forum to adjudicate ONA's claims. In support of its motion to dismiss, Cargolux presented numerous theories why Luxemburg was the appropriate venue including allegations that ONA's claim arises from an accident occurring in Luxemburg, dealing with a plane serviced by a Luxemburg company, pursuant to a contract negotiated and signed in Luxemburg; all nonparty witnesses and Cargolux employees who viewed the fire reside in Luxemburg, and may be required to testify; all relevant documentary evidence with respect to the action is located in Luxemburg; certain documents and reports are written in French and German and would require translation before being presented to an American jury; three of the four members of the Accident Investigation Committee which investigated the cause of the fire reside in Luxemburg, and the fourth resides in Iceland; ONA's own investigator, retained by its insurer, Lloyds Aviation Department of London, to investigate the fire does not reside in the United States, but rather, resides in Sussex, England; and both parties had provided in an Agreement dated October 23, 1980, that any dispute

---

1. ONA commenced a similar action in the United States District Court for the Southern District of Florida on November 16, 1981. Cargolux has moved to dismiss the complaint on the ground of forum non conveniens. As of the date of argument of this appeal, the motion was still outstanding.

arising from services rendered to ONA by Cargolux would be submitted to and resolved by the courts of Luxemburg, pursuant to the applicable laws of Luxemburg.[2]

ONA, in opposition to the motion, points to its interpretation of the significant New York contacts which require that venue rests in New York State. First, ONA's home office and principal place of business is in New York. Second, appellant contends that the subject fire originated in the shut off valve of a crew oxygen bottle which Cargolux had placed in the aircraft as a replacement the day before the fire. The valve allegedly was manufactured by a New York company, and was inspected after the fire by three New York residents employed by that company. Should it consider it necessary, ONA suggests that it will implead the New York manufacturer under Fed.R.Civ.P. 14.

In addition, ONA contends that the only essential witnesses to its action are the two Cargolux mechanics who were on board the aircraft the morning of January 15th and witnessed the origin of the fire. To this end, ONA has volunteered to pay the transportation and lodging expenses for the two mechanics to come to New York to give their depositions, or in the alternative, to pay the transportation and travel expenses to and from Luxemburg of one of Cargolux' attorneys. Further, ONA expects to call as witnesses, inspectors from the manufacturer of the aircraft and ONA's insurer who viewed the burned airplane and reported on the fire. Their reports are in English and the witnesses are said to be readily available if the suit were pursued in the United States. ONA also argues that the contractual provisions which limited Cargolux' liability for loss and provided that the courts and laws of Luxemburg would govern disputes between the parties are "irrelevant" to the issue of forum non conveniens. It asserts that, even if two of Cargolux' mechanics were in the airplane when the fire

started, ONA's theory of the case is that Cargolux had completed the work contracted for prior to the fire, therefore, the contracts relied upon by Cargolux were immaterial to plaintiff's claims herein, especially the common law bailment claim.

The district court granted Cargolux' motion to dismiss the complaint on the ground of forum non conveniens. While recognizing the deference due a citizen plaintiff's choice of forum, the district court found that, under the circumstances of this case, the defendant had succeeded in tipping the balance of convenience in favor of the alternative forum. In reaching this conclusion, the court weighed the private and public interest factors discussed in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) and *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). The court noted that ONA had contracted with a Luxemburg company for services to be rendered in Luxemburg; that the fire occurred in Luxemburg, and that ONA's bailment and negligence claims required the interpretation of certain contracts negotiated in Luxemburg.

The district court was unpersuaded that New York had sufficient contacts with the suit to warrant prosecution of the action in the Southern District of New York. In particular, the court found that ONA's implied theory of "products liability" was not compelling since the New York manufacturer of the oxygen bottle valve seat was not named as a party to the action. The district court concluded that after balancing the "overwhelming share" of Cargolux' evidence and witnesses in Luxemburg against the minimal amount of contacts related to New York, plaintiff's chosen forum imposed a heavy burden on both the defendant and the court. This appeal followed.

## DISCUSSION

Although a trial court must ordinarily give deference to a citizen plaintiff's

---

2. The parties had entered into a prior Agreement, dated October 23, 1980, covering maintenance work to be performed on two of ONA's aircraft including the plane in question. Clause 10 of the October 23 agreement states:

   *Applicable law and jurisdiction*

   The contract shall be governed by the laws of the Grand Duchy of Luxembourg. Any disputes arising under this agreement shall be submitted to the competent courts of the Grand Duchy of Luxembourg.

choice of forum, *Piper Aircraft Co. v. Reyno,* 454 U.S. at 255, 102 S.Ct. at 265, the plaintiff's forum choice should not be given automatic dispositive weight in determining a forum non conveniens motion. In *Reyno,* the court stated:

> [c]itizens or residents deserve somewhat more deference than foreign plaintiffs, but dismissal should not be automatically barred when a plaintiff has filed suit in his home forum. As always, if the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper.

454 U.S. at 256 n. 23, 102 S.Ct. at 266 n. 23. The decision to dismiss an action on the ground of forum non conveniens is within the discretion of the district court and may be reversed only where there has been a clear abuse of discretion. *Piper Aircraft Co. v. Reyno,* 454 U.S. at 257, 102 S.Ct. at 266; *Panama Processes, S.A. v. Cities Services Co.,* 650 F.2d 408, 414 (2d Cir.1981); *Manu International, S.A. v. Avon Products, Inc.,* 641 F.2d 62, 65 (2d Cir.1981); *Alcoa Steamship Co. v. M/V Nordic Regent,* 654 F.2d 147, 158 (2d Cir.), *cert. denied,* 449 U.S. 890, 101 S.Ct. 248, 66 L.Ed.2d 116 (1980).

█ Here, the district court did not abuse its discretion; it weighed the private and public interests under the analysis outlined in *Gulf Oil Corp. v. Gilbert,* 330 U.S. at 508–09, 67 S.Ct. at 843, and determined that the trial should be held in Luxemburg. *Gilbert* requires that the district court must examine the *private* interests of the litigants including the relative ease of access to sources of evidence, the availability of witnesses, the possibility of viewing the premises of the accident, and the practical problems associated with pretrial and trial proceedings. The *public* interest factors include the remoteness of the forum from the situs of the event, and the forum court's need to rely upon foreign law. Upon examination of the applicable factors, the district court concluded that the burden of conveniences weighed in favor of the foreign forum. ONA acknowledges that at least two Luxemburg citizens are essential witnesses to this action. Further, the principal documents and individuals relating to the negotiations of the CRFS contract and the basic Agreement contract reside in Luxemburg. Since a determination of Cargolux' standard of care is essential to ONA's negligence claim, an examination of these documents and witnesses, as well as the applicable contract law can be anticipated. Although United States courts can and often do apply the law of contracts of foreign countries, *Gilbert* suggests that an action should be dismissed where the court may be required to "untangle problems in conflict of laws, and in law foreign to itself." 330 U.S. at 509, 67 S.Ct. at 843.

We find that the district court applied the correct standard in determining that Luxemburg was the appropriate forum in which to prosecute this action, and we affirm the exercise of discretion by the district court in dismissing the complaint.

OAKES, Circuit Judge (concurring):

I concur without, however, retreating from the view I took initially in dissent in *Fitzgerald v. Texaco, Inc.,* 521 F.2d 448, 456 (2d Cir.1975), *cert. denied,* 423 U.S. 1052, 96 S.Ct. 781, 46 L.Ed.2d 781 (1976), that the entire doctrine of forum non conveniens should be reexamined in light of the transportation revolution that has occurred in the last thirty-six years, or the view I expressed in dissent in *Alcoa Steamship Co. v. M/V Nordic Regent,* 654 F.2d 147, 164–65 (2d Cir.) (en banc), *cert. denied,* 449 U.S. 890, 101 S.Ct. 248, 66 L.Ed.2d 116 (1980), that a limitation upon or denial of recovery is in and of itself a ground for *not* dismissing on the basis of forum non conveniens, particularly where an American plaintiff is being relegated to foreign courts. The instant case, however, is the exception that probes what would be my rule. The contract for maintenance and modification services under which the Overseas National Airlines plane was delivered to Cargolux Airways International, S.A., specifically provides that disputes over services rendered under the contract would be resolved in Luxembourg under Luxembourg law. While arguably that contract does not control the plaintiff's negligence claim, at least it shows that the plaintiff did not consider

that the law or the courts of Luxembourg would be hostile to it. Given the other facts referred to in Judge Pierce's opinion, dismissal in this instance seems entirely appropriate.

I would add, however, a single word as to the general proposition that dismissal on forum non conveniens grounds is in the "discretion" of the district court. *See, e.g., Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981). As Judge Friendly's recent article, *Indiscretion About Discretion,* 31 Emory L.J. 747 (1982), points out, "[d]eference to [d]iscretion [i]s a [m]atter of [d]egree." *Id.* at 762. The language of *Piper,* as Judge Friendly respectfully notes, goes rather too far in terms of deference to a district judge's view on what is really a matter of law. *Id.* at 748–54. In short, I think we must closely review forum non conveniens decisions by the district court. But even under the closest scrutiny I think the present case was properly dismissed.