**G.B.C. NIGERIA (LIMITED), Plaintiff,**

**v.**

**M.V. SOPHIA FIRST, her engines, boilers, etc., "K" Line and Great American Insurance Company, Inc., Defendants.**

**No. 83 Civ. 4004 (LFM).**

United States District Court,
S.D. New York.

July 6, 1984.

Kirlin, Campbell & Keating by Enrico S. Sanfilippo, New York City, for defendant Kawasaki Kisen Kaisha Ltd. ("K" Line).

Hill, Rivkins, Carey, Loesberg, O'Brien & Mulroy by Vincent J. Ryan, New York City, for defendant Great American Ins. Co., Inc.

Cichanowicz & Callan by Joseph F. De May, Jr. and Lawrence V. Cichanowicz, New York City, for plaintiff.

## OPINION and ORDER

MacMAHON, District Judge.

Defendants "K" Line and Great American Insurance Company, Inc. ("GAIC") move to dismiss the complaint on the ground of forum non conveniens.

This case arises from the alleged loss and damage to 17 cases of scarves shipped from Kobe, Japan, to Port Harcourt, Nigeria, aboard the M.V. SOPHIA FIRST. Plaintiff G.B.C. Nigeria, Ltd. is the owner of the shipment and assignee of the right to payment under a cargo insurance policy, issued by GAIC, covering loss or damage to the goods.

Plaintiff's sparse complaint alleges simply that in December 1976 the scarves were delivered "in good order and condition" to the M.V. SOPHIA FIRST, in Kobe, Japan, and that upon arrival in Port Harcourt, Nigeria, the shipment was "discharged ... not in the same condition as when received but in an otherwise short and damaged condition." Complaint ¶¶ 9, 10.

In count one, plaintiff sues "K" Line as the ocean carrier and charterer. In response, "K" Line asserts that the claim is time barred and that the goods were received in accordance with the bill of lading. In count two, plaintiff sues GAIC as the cargo insurer. GAIC asserts that plaintiff failed to give timely notice as required by the policy, that the loss did not occur during the coverage period, and that plaintiff failed to protect GAIC's subrogation rights.

"K" Line is a foreign corporation and an "affiliate" of Kawasaki Kisen Kaisha, Ltd., a Japanese corporation. Complaint ¶ 4; Sanfilippo Affidavit at 3. "K" Line has an office in New York City and apparently operates in New York through an agent, Kerr Steamship Co., Inc. Id.

GAIC has its offices in New York City and is incorporated within the United States, although the state of incorporation is not apparent from the record. Complaint ¶ 5; GAIC Answer ¶ 5. When the insurance policy was issued, GAIC was a member of AFIA Worldwide Insurance, an

association of United States insurance companies. Acting as GAIC's authorized representative, AFIA Worldwide Insurance issued the policy through its Japanese office. Benintendi Affidavit at 1.

"K" Line and GAIC ("defendants") do not object to either personal or subject matter jurisdiction. They contend, however, that the action should be dismissed because the claims have no nexus with the Southern District of New York. Defendants further contend that all relevant witnesses, documents and physical evidence are outside the district and well beyond the borders of the United States. Thus, they argue, the cost of locating witnesses and bringing them to New York is vexacious and oppressive. Defendants also anticipate that unspecified witnesses, beyond the reach of compulsory service, will be unwilling to testify. Finally, defendants contend that the case will raise questions of foreign law, require "the complicated application of various rules of conflicts of law," and unnecessarily add to the volume of litigation in this district.

In *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1946), the Supreme Court stated the relevant considerations in a motion to dismiss based on forum non conveniens. Initially, there must be "at least two forums in which the defendant is amenable to process...." *Id.* at 507, 67 S.Ct. at 842. "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Id.* at 508, 67 S.Ct. at 843. The Court then delineated the private and public factors to consider in resolving a motion based on forum non conveniens. *Id.* at 508–09, 67 S.Ct. at 843.

■ The private factors include: (1) relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling witnesses and cost of obtaining willing witnesses; (3) if relevant, the need to view the premises; (4) practical problems that make trying the case easy, expeditious and inexpensive; and (5) relative advantages and obstacles to a fair trial.

■ The factors of public interest include: (1) administrative difficulties resulting from accumulating litigation in congested centers instead of handling it at its origin, *id.* at 508, 67 S.Ct. at 843; (2) the lesser burden and greater immediacy of submitting local controversies to local juries; and (3) the relative advantage of trying a case in the same forum as the governing law. *Id.* at 508–09, 67 S.Ct. at 843. *Accord Alcoa S.S. Co. v. M/V Nordic Regent*, 654 F.2d 147, 159 (2d Cir.) (applying *Gilbert* factors to admiralty suits), *cert. denied*, 449 U.S. 890, 101 S.Ct. 248, 66 L.Ed.2d 116 (1980).

■ It is clear that defendants have generally patterned their contentions after the factors noted by the Court in *Gilbert*. However, we find these contentions more formulaic than factual. The burden of persuasion is on defendants to demonstrate, with adequate factual support, why we should decline to exercise our jurisdiction despite the Supreme Court's clear monition that "the plaintiff's choice of forum should rarely be disturbed." *Gilbert, supra*, 330 U.S. at 508, 67 S.Ct. at 843. *Accord Calavo Growers of California v. Generali Belgium*, 632 F.2d 963, 969 (2d Cir.1980) (Newman, J., concurring). Mere contentions without an adequate factual predicate are insufficient. *See Chicago, Rock Island & Pac. R. Co. v. Hugh Breeding, Inc.*, 232 F.2d 584 (10th Cir.1956) (affidavit insufficient containing only conclusions as to inconvenience and not specifying witnesses or relevance of their testimony); *see also Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145 (10th Cir.1967) (conclusory affidavits are insufficient).

■ Defendants' contention that the suit has no connection with the Southern District of New York is true only to the extent that the voyage and alleged loss or damage occurred outside the United States. Nonetheless, "K" Line, the charterer and ocean carrier, has both an office and agent in New York City "which company attends to all claims against 'K' Line asserted throughout the United States." Sanfilippo

Affidavit at 3. And although GAIC has not revealed its state of incorporation, it admits that it is incorporated in the United States and operates from an office in New York City. GAIC Answer ¶ 5. In fact, GAIC's own letterhead, as it appears on the insurance policy, advertises that the "Great American Insurance Company" is "Incorporated with limited liability in the U.S.A." GAIC Exhibit B.

GAIC does not contest the issuance of the policy. Nor does it allege that it has already paid the appropriate party. It is wholly irrelevant to this suit, therefore, that the policy was issued in Japan and that it specifies payment in West Germany.

Defendants' next contention is that all witnesses and proof lie outside this district, raising issues of expense and effectiveness or availability of compulsory process. Defendants do not support their broad statements by specifying any particular witnesses or the nature of their testimony. Defendants also fail to state what sources of proof they require which cannot be brought here with relative ease. As our Court of Appeals has frequently noted: "advances in modern telecommunications and jet travel may further circumscribe a district court's discretion in dismissing a suit on the ground of *forum non conveniens.*" *Overseas Programming Companies, Ltd. v. Cinematographische Commerzanstalt,* 684 F.2d 232, n. 1 (2d Cir.1982) (and cases cited therein).

The crux of plaintiff's claim is loss or damage to cargo and coverage under the terms of the insurance policy. Both issues appear susceptible to proof or disproof, in large part, through documentary evidence—for example, through receipted bills of lading, discharge surveys or tallies, and other standard shipping and warehousing documents developed and used largely to facilitate such proof. It also appears that this evidence is in the hands of the parties or their agents, and defendants have not suggested that the relevant documents are so voluminous as to favor suit where the documents are found.

Defendants' further contention that plaintiff's choice of forum inflicts "unnecessary trouble and expense" upon them and is therefore vexacious and oppressive is unsupported by facts, ignores the relative ease of modern transportation facilities, and rings especially hollow in light of the suggested alternative forums: Japan and Nigeria. "K" Line, though a foreign corporation, is an established business in New York City. GAIC is an American corporation with its place of business in New York City. Moreover, neither defendant has made the slightest factual showing, by affidavit or otherwise, that either Japan or Nigeria would provide an alternative forum. *Cf. Fosen v. United Technologies Corp.,* 484 F.Supp. 490, 503–04 (S.D.N.Y.) (affidavit demonstrating adequacy of foreign forum and jurisdiction), *aff'd,* 633 F.2d 203 (2d Cir.1980); *see also Calavo Growers of California v. Generali Belgium, supra,* 632 F.2d at 968 n. 6 (affidavits showing availability of foreign forum).

GAIC contends that the case raises issues of foreign law and conflict of laws questions which weigh against exercising jurisdiction in this forum. However, GAIC does not specify any foreign law or conflicts issues. Indeed, although the parties have not addressed the issue, it appears that New York law applies to the insurance contract.

"K" Line notes that the claim asserted against it is not governed by the United States Carriage of Goods by Sea Act, 46 U.S.C. §§ 1300 et seq., and suggests that Japanese law will apply "as provided in the bill of lading." Sanfilippo Affidavit at 4. Since "K" Line has not supplied the portion of the bill of lading to which it refers, we cannot corroborate this assertion. *See* "K" Line Exhibit A. However, as plaintiff notes, both Japan and Nigeria have ratified the Hague Rules, 6 Benedict on Admiralty at 1–12 (1983). The Hague Rules are essentially equivalent to the United States Carriage of Goods by Sea Act. Thus, to the extent that Japanese or even Nigerian law may prove relevant to some aspects of the case, we will not be without guidance. In any event:

80

" '[t]he need to apply foreign law is not in itself a reason to apply the doctrine of *forum non conveniens,' Olympic Corporation v. Societe Generale,* 462 F.2d 376, 379 (2d Cir.1972), and we must guard against an excessive reluctance to undertake the task of deciding foreign law, a chore federal courts must often perform. See, *Ciprari v. Servicos Aereos Cruzeiro do Sul, S.A.,* 232 F.Supp. 433, 443 (S.D.N.Y.1964); *Mobil Tankers Co. v. Mene Grande Oil Co.,* 363 F.2d 611, 615 (3d Cir.), *cert. denied,* 385 U.S. 945, 87 S.Ct. 318, 17 L.Ed.2d 225 (1966)." *Manu International, S.A. v. Avon Products, Inc.,* 641 F.2d 62, 67–68 (2d Cir.1981).

We need not concern ourselves that jurors might be unduly burdened with matters unrelated to their community, *Gilbert, supra,* 330 U.S. at 508–09, 67 S.Ct. at 843, because the case will be tried not to a jury but to the court.

In sum, defendants' contentions are so exaggerated and so poorly supported by a factual showing that they border on the frivolous. Considering the limited and manageable scope of the claims and defenses, the likely importance of documentary proof and relative unimportance of live testimony, the availability of testimony through depositions or letters rogatory, "the increased speed and ease of travel and communication," *Manu International, S.A., supra,* at 65, defendants' failure to show prejudice or undue expense caused by trial in this forum, defendants' substantial presence in this district and their failure to demonstrate the adequacy of an alternative forum, we conclude that "the balance [of factors] is [not] strongly in favor of the defendant[s]." *Gilbert, supra,* at 508, 67 S.Ct. at 843. *Accord Overseas Programming Companies, Ltd. v. Cintematographische Commerzanstalt, supra; Manu International, S.A., supra; Calavo Growers of California v. Generali Belgium, supra; Ciprari v. Servicos Aereos Cruzeiro do Sul, S.A.,* 232 F.Supp. 433, 442–44 (S.D.N.Y.1964).

Accordingly, the motions of defendants "K" Line and GAIC to dismiss based on forum non conveniens are denied in all respects.

So ordered.