**OCEAN SHELF TRADING INC., Plaintiff,**

v.

**FLOTA MERCANTE GRANCOLOMBIA-NA S.A. and the MOTOR VESSEL CIUDAD DE NEIVA, her Engines, Boilers, etc., Defendants.**

**No. 85 Civ. 7120 (DNE).**

United States District Court,
S.D. New York.

June 30, 1986.

W. Shelby Coates, Jr., New York City, for plaintiff.

Kirlin, Campbell & Keating, New York City, for defendants; Alexander E. Rugani, Richard H. Brown, Jr., of counsel.

## OPINION AND ORDER

EDELSTEIN, District Judge:

This admiralty and maritime action involves a collision between two oceangoing vessels off the coast of Colombia. Plaintiff, Ocean Shelf Trading Inc., is a shipping corporation organized and existing under the laws of Panama that claims a principal place of business in New York. Its ship, the *M.V. Lingal Trader*, is a Panamanian flag vessel based at Panama. Defendant Flota Mercante Grancolombiana S.A. ("FMG") is a shipping corporation organized and existing under the laws of Colombia; it claims that its "actual and real place of business as well as its corporate offices are located in Bogota, Colombia," and it also maintains an office in New York. Defendant's ship *M.V. Ciudad de Neiva*, also named as a defendant, is a Colombian flag vessel based at Colombia that does not call at United States ports. At approximately 10:30 P.M. on September 12, 1983, the *Lingal Trader* and the *Ciudad de Neiva* collided off the coast of Colombia. Plaintiff filed both this action, alleging negligence, and an action in Colombia on the same claim. Defendants move for an order declining jurisdiction and dismissing the action on the principles of *forum non conveniens* ("FNC").[1] Based on FNC, the motion to dismiss is granted, on condition that defendants do not raise a statute of limitations defense in the Colombian court.

---

1. Defendant at the beginning of its Notice of Motion also requests dismissal on the grounds of improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure. Defendant

## DISCUSSION

The applicability of FNC has been narrowed so that dismissal is appropriate only when the alternative forum is a court of a foreign country or possibly a state court. *See Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255 n. 22, 102 S.Ct. 252, 265 n. 22, 70 L.Ed.2d 419 (1981); *Simon v. Silfen,* 247 F.Supp. 762, 763 (S.D.N.Y.1965) (dismissal because of pending state action); 28 U.S.C. § 1404(a) (1982) (transfer of action, as opposed to dismissal, if alternative forum is federal court). Consideration of FNC is appropriate in this case because defendants wish to have this action dismissed and proceed with an action on the same claim currently pending in the Republic of Colombia.

The starting point in any discussion of FNC is Justice Jackson's opinion in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). *Gulf Oil* prescribes a weighing of "private" and "public" factors to determine the proper forum.[2] *See id.* 330 U.S. at 508–09, 67 S.Ct. at 843. A plaintiff's choice of forum will not be disturbed unless the balance is strongly in favor of the defendant, *id.* 330 U.S. at 508, 67 S.Ct. at 843, although that choice is accorded less deference when, as here, the plaintiff is foreign, *Piper Aircraft,* 454 U.S. at 256 n. 23, 102 S.Ct. at 266 n. 23.

nowhere else in its papers addresses this other ground. Accordingly, the court will consider only the FNC motion.

2. One commentator has compiled a list of factors taken from FNC cases:

1. Are defendants amenable to jurisdiction in the alternative forum? It may be necessary to:

    a. Waive any objection to jurisdiction in the alternative forum; and

    b. Waive objections to compulsory process requiring appearance of witnesses and production of documents in the alternative forum; and

    c. Consent to full faith and credit of any judgment rendered in the alternative forum; and

    d. Waive for a reasonable time the statute of limitations applicable in the alternative forum.

2. Does the relative convenience of the parties dictate the trial of the matter in the alternative forum?

3. What law applies with regard to liability and damages?

4. Where are the principal places of business of defendants?

5. Do the events out of which the action arose give a substantial relationship or nexus with the chosen forum?

6. Would either party be substantially disadvantaged by having to try the action in the alternative forum?

7. Would judgment by the court in the foreign forum be enforceable in plaintiff's original choice of forum?

8. Does the convenience of the witnesses dictate the trial of the matter in the alternative forum?

9. Would the relative expense of maintaining the action be less in the alternative forum?

10. Would a view of the premises or knowledge of local conditions be helpful in deciding the case?

11. Would prosecution of the action in the United States place an unfair, inequitable and disproportionate burden on the courts of the United States?

12. Do plaintiffs or defendants have any relationship with the United States forum related in any way to the accident?

13. Does the United States forum have an interest in providing a forum for the parties to the action?

14. Does the United States forum have an interest in regulating the situation or conduct involved?

15. Would trial in the alternative forum avoid multiplicity of actions and inconsistent adjudication?

16. Does relative ease of access to sources of proof favor the alternative forum?

17. Is compulsory process for the attendance of witnesses available in the United States forum?

18. Is a fair trial more likely in the alternative forum?

19. Is there any public interest in the case in the United States forum?

20. Does court congestion favor the alternative forum?

21. Would trial in the United States forum impose jury duty on a community having no relation to the litigation, thus creating an injustice and a burden on local taxpayers?

22. Would trial in the United States forum pose difficulties and incovenience as a result of testimony by deposition?

23. Have any considerable proceedings and expenditure of court time taken place in the United States?

Fitzpatrick, *"Reyno": Its Progeny and Its Effects on Aviation Litigation,* 48 J.Air L. & Com. 539, 557–59 (1983).

Plaintiff appears to present a different standard in its opposition papers. Plaintiff relies in part on the case of *Sibaja v. Dow Chemical Company,* 757 F.2d 1215 (11th Cir.) (per curiam), *cert. denied,* —— U.S. ——, 106 S.Ct. 347, 88 L.Ed.2d 294 (1985), which states, "[u]nder the federal standard, 'dismissal will ordinarily be appropriate where trial in the plaintiff's forum imposes a heavy burden on the defendant or the court, *and* where the plaintiff is unable to offer *any* specific reasons of convenience supporting its choice.'" 757 F.2d at 1218 (quoting *Piper Aircraft,* 454 U.S. at 249, 102 S.Ct. at 262) (emphasis added). Plaintiff's argument seems to be that the court should retain the case if plaintiff can provide even the smallest justification for doing so, without consideration by the court of any other factors. Plaintiff contends that the availability of records through the New York offices of various entities involved in this action and the U.S. citizenship of its officers, directors, and beneficial shareholders support its choice.[3] The court finds this argument unpersuasive. In spite of that phrase from *Piper Aircraft,* courts have continued to apply the *Gulf Oil* balancing factors in determining FNC motions. *See, e.g., Sherrill v. Brinkerhoff Maritime Drilling,* 615 F.Supp. 1021, 1030–35 (N.D.Cal.1985); *Shipping Corp. of India v. American Bureau of Shipping,* 603 F.Supp. 801, 804–07 (S.D.N.Y.1985). Besides, as the *Piper Aircraft* court later stated, "If central emphasis were placed on any one factor, the *forum non conveniens* doctrine would lose much of the very flexibility that makes it so valuable." 454 U.S. at 249–50, 102 S.Ct. at 262–63. This court sees no reason to depart from the practice of balancing private and public factors in determining FNC motions.

A prerequisite to dismissal under FNC is that there must be an available alternative forum. As the Supreme Court noted in *Piper Aircraft,* 454 U.S. at 254 n. 22, 102 S.Ct. at 265 n. 22, "[o]rdinarily, this requirement will be satisfied when the defendant is 'amenable to process' in the other jurisdiction." *See also Gulf Oil,* 330 U.S. at 506–07, 67 S.Ct. at 842 (FNC presupposes at least one forum where defendant is amenable to process). As the courts of Colombia would clearly have jurisdiction over Colombian defendants, Colombia provides an adequate alternative forum.

### I. Private Factors.

The relative ease of access to sources of proof will affect the balance. If access to proof is easier in Colombia, dismissal is appropriate. *See Calavo Growers of California v. Generali Belgium,* 632 F.2d 963, 966–67 (2d Cir.1980), *cert. denied,* 449 U.S. 1084, 101 S.Ct. 871, 66 L.Ed.2d 809 (1981). There are two areas of proof in this case: proof relating to damages and proof relating to liability.

Evidence relating to damages is divided between points within and without New York. Following the collision, both the *Ciudad de Neiva* and the *Lingal Trader* were surveyed in Colombia for damage resulting from the collision. The attending surveyor and another person who, according to defendants, "can give evidence as to the damages" are both Colombian nationals and residents. They are employees of neither party, and thus not subject to this court's compulsory process. *See Nai-Chao v. Boeing Co.,* 555 F.Supp. 9, 18 (N.D.Cal. 1982).[4] Additional witnesses relating to damages would be the team that was brought from Pakistan to carry out permanent repairs on plaintiff's vessel. Neither side specifies whether the persons performing the repairs are employees of plaintiff. This team was assisted by the *Lingal*

---

3. The court fails to see what testimony relevant to a collision that occurred off the coast of Columbia such witnesses could provide.

4. Courts have required that a party moving to dismiss a case for convenience of witnesses specify the names and addresses of witnesses it expects to call. *See G.B.C. Nigeria (Ltd.) v. M.V.*

*Sophia First,* 588 F.Supp. 76, 79 (S.D.N.Y.1984); *cf. Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978) (party moving for transfer of venue under 28 U.S.C. § 1404(a) must specify key witnesses to be called and their expected testimony). Defendants have complied with this requirement.

*Trader*'s regular crew, who are Pakistan nationals and residents. The crew members, if still employed by plaintiff, would be subject to this court's compulsoty process. *See Nai-Chao*, 555 F.Supp. at 18. On the other hand, pertinent records relating to repairs are available through the New York offices of the *Lingal Trader*'s classification society. Other relevant records are available through the New York office of the *Lingal Trader*'s time charterer. On balance, it is probably easier to ship these records to Colombia than to have the surveyors' and repair crews' testimony taken by letters rogatory in Colombia, translated, and sent to New York, thus favoring dismissal.

All evidence relating to liability is located outside New York, and nearly all of it is located outside of the United States. It is in the form of eyewitnesses, specifically, the crews of the respective vessels. The crew of the defendant vessel is composed of Colombian residents and nationals. The crew of plaintiff's vessel is composed of Pakistan residents and nationals, except for the master, who is a Louisiana resident. Witnesses who have knowledge of local conditions and familiarity with Colombian rules and regulations pertaining to navigation and anchorage of vessels in the inner harbor at Buenaventura, where the accident occurred, are all either Colombian citizens and residents or Colombian residents.

The court finds that, on balance, access to sources of proof would be easier in Colombia. *See Byrne v. Japan Airlines, Inc.*, No. 83 Civ. 9162 (JFK), slip op. at 4–5 (S.D.N.Y. Dec. 17, 1984) [Available on WESTLAW, DCTU database]. As one commentator has noted: "Where the only issue is that of damages, the appropriate forum is the home forum of the plaintiff, [however,] where the court sees negligent operation as the probable cause, the appropriate forum is that of the accident situs." Note, *Forum Shopping in International Air Accident Litigation: Disturbing the Plaintiff's Choice of an American Forum*, 7 B.C. Int'l & Comp.L.Rev. 31, 56 (1984).

Another private factor is the availability of compulsory process for the attendance of unwilling witnesses. *Gulf Oil*, 330 U.S. at 508, 67 S.Ct. at 843. Many of the eyewitnesses to the accident were crew members of the respective vessels and thus employees of the parties. Since this court does have jurisdiction over the parties by virtue of their presence in this state, these employees are subject to this court's compulsory process. *See Nai-Chao*, 555 F.Supp. at 18. On the other hand, the two persons who surveyed the damages and those who have knowledge of the local conditions are not subject to this court's compulsory process. Since not all of the witnesses can be brought to New York, but they can be brought to Colombia, this factor favors dismissal.

Another factor to consider is the cost of bringing willing and unwilling witnesses to the forum. *Gulf Oil*, 330 U.S. at 508, 67 S.Ct. at 843. Although witnesses would have to travel were this action tried in either Colombia or in New York, since considerably more of the witnesses are Colombian or Pakistani nationals and residents than are New York residents, the cost of transporting them would be less were this litigation adjudicated in Colombia. This factor points toward trial in Colombia.

An additional cost of an American trial would be that of translation. Although the costs of translation do not alone constitute sufficient grounds for dismissal, *Karvelis v. Constellation Lines SA*, 608 F.Supp. 966, 972 (S.D.N.Y.1985), it is a factor in deciding whether to dismiss, *Schertenlieb v. Traum*, 589 F.2d 1156, 1165 (2d Cir. 1978). It is true that testimony is available in New York via letters rogatory. It is also true that the testimony of the crew of plaintiff's vessel, who are Pakistani, would have to be translated were this action tried in Colombia. However, the testimony of the crew of the defendant vessel, who are Colombian, would also have to be translated if this action were heard in New York, while such translation would be unnecessary in Colombia. That less translation

would be required before a Colombian court favors this action's proceeding there.

The pendency of an action in Colombia is another factor to consider. *See C-Cure Chem. Co. v. Secure Adhesives Corp.*, 571 F.Supp. 808, 822 (W.D.N.Y.1983); *cf. Williams v. Kerr Glass Mfg. Corp.*, 630 F.Supp. 266, 270 (E.D.N.Y.1986) (§ 1404(a) transfer may be appropriate when there is a pending lawsuit in the transferee district involving the same facts); *Hartford Accident & Indem. Co. v. Hop-On Int'l Corp.*, 568 F.Supp. 1569, 1571 (S.D.N.Y.1983) ("[w]hen similar actions are pending in state and federal court, the federal court can, in the interests of economy and sound judicial administration, defer to the state action and abstain from exercising its jurisdiction"). Plaintiff indicates that the Colombian action has not progressed very far. Since the Colombian action has advanced no further than this one, this factor weighs only minimally in defendants' favor.

The private interest factors, although not totally one-sided, balance in favor of trial in Colombia.

## II. Public Factors.

Although both parties maintain offices in New York, there is minimal local interest in this controversy. *See Gulf Oil*, 330 U.S. at 509, 67 S.Ct. at 843 ("[t]here is a local interest in having localized controversies tried at home"). All of the acts complained of occurred in Colombia, *see Castillo v. Shipping Corp. of India*, 606 F.Supp. 497, 503 (S.D.N.Y.1985), and all parties are foreign—plaintiff is a Panama corporation, defendant FMG is a Colombian corporation, and the defendant vessel is a Colombian flagship, *see Grodinsky v. Fairchild Indus., Inc.*, 507 F.Supp. 1245, 1252 (D.Md. 1981). This points toward dismissal because courts should encourage trial of controversies in the localities in which they arise. *Pain v. United Technologies Corp.*, 637 F.2d 775, 791 (D.C.Cir.1980).

Another public factor is the law to be applied to the case. In determining the proper law to apply, the court must apply New York's choice of law rules. *See Day*

*& Zimmerman, Inc. v. Challoner*, 423 U.S. 3, 4–5, 96 S.Ct. 167, 167–68, 46 L.Ed.2d 3 (1975) (per curiam). In New York tort actions, the general rule is to apply the law of the forum where the wrong occurs. *Cousins v. Instrument Flyers, Inc.*, 44 N.Y.2d 698, 699, 376 N.E.2d 914, 915, 405 N.Y.S.2d 441, 442 (1978) (per curiam); *Babcock v. Jackson*, 12 N.Y.2d 473, 481–82, 191 N.E.2d 279, 283–84, 240 N.Y.S.2d 743, 749–50 (1963) (governmental interest analysis). All of the alleged tortious conduct occurred in Colombia. Thus, it is likely that Colombian law would apply.

If the action were to be tried in this forum, this court would need to interpret Colombian law. The application of foreign law, while not a bar to trying the action here, poses a number of problems that point in favor of dismissal. *Piper Aircraft*, 454 U.S. at 251, 102 S.Ct. at 263.

An additional consideration is the action pending in Colombia. *See C-Cure Chem. Co.*, 571 F.Supp. at 822. It is a waste of judicial resources to have two actions pending at once. *See Microsoftware Computer Sys. v. Ontel Corp.*, 686 F.2d 531, 538 (7th Cir.1982) (Doyle, J., dissenting); *C-Cure Chem. Co.*, 571 F.Supp. at 822. In light of New York's minimal interest in this action, *see Gulf Oil*, 330 U.S. at 508–09, 67 S.Ct. at 843, this factor weighs in favor of dismissal.

Finally, the court's docket must be taken into account. *Gulf Oil*, 330 U.S. at 508–09, 67 S.Ct. at 843. All that need be said in this regard is that the Southern District of New York is one of the busiest courts in the country.

## CONCLUSION

Upon consideration of the private and public interest factors, the court finds that the Colombian forum would be significantly more convenient and more appropriate than this forum. Defendants' motion to dismiss on FNC is granted on condition that defendants waive any statute of limi-

tations defense in Colombia. This action is hereby dismissed.

SO ORDERED.